274 So.2d 742 (1973)
EMILE M. BABST CO., INC.
v.
COMMERCIAL ENTERPRISES, INC.
No. 5627.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
Rehearing Denied April 3, 1973.
Writ Refused May 24, 1973.
*743 Henican, James & Cleveland, C. Ellis Henican, New Orleans, for plaintiff-appellant.
Adams & Reese, Louis A. Wilson, Jr., New Orleans, for Emile M. Babst, Jr., defendant-appellee.
Bienvenu & Culver, Robert N. Ryan, Lawrence F. Babst, Jr., New Orleans, for Commercial Enterprises, Inc., Milton U. Blancher and Lawrence F. Babst, defendants-appellees.
Before REDMANN, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
This is a mandamus suit to compel defendants to allow plaintiff to vote pledged stock or to transfer to it as pledgee 300 shares of stock on the corporate books of the defendant corporation in the name of Emile M. Babst, Jr., which has been pledged by Babst to plaintiff to secure an indebtedness (a demand promissory note) now matured, due and demandable. Without this transfer or right to vote, plaintiff complains he cannot examine the books and transactions of the defendant corporation. Plaintiff is thereby deprived of protecting against corporate action which could diminish the value of the pledged stock to the prejudice of his security. Defendants' exception of no right or cause of action, stating that a pledgee is not entitled to have the stock transferred on the corporate books to it since the pledgee is not the owner of the stock, was maintained by the trial judge. Plaintiff appeals.
We find no error in the ruling of the trial judge. The statutory authority *744 and jurisprudence as reflected by LSA-C.C. art. 3165 and LSA-C.C. art. 3166 as well as by Chappuis v. Spencer, 167 La. 527, 119 So. 697 (1928), and D'Amico v. Canizaro, 256 La. 801, 239 So.2d 339 (1970), is clear that the pledgee is not entitled to the ownership of the pledge, and this right is reserved to the pledgor.
LSA-C.C. art. 3165 provides as follows:
"The creditor cannot, in case of failure of payment, dispose of the pledge; but when there have been pledges of stock, bonds, or other property, for the payment of any debt or obligation, it shall be necessary before such stocks, bonds or other property so pledged shall be sold for the payment of the debt, for which such pledge was made, that the holder of such pledge be compelled to obtain a judgment in the ordinary course of law, and the same formalities in all respects shall be observed in the sale of property so pledged as in ordinary cases; but in all pledges of movable property, or rights, or credits, stocks, bonds or other movable property, it shall be lawful for the pledgor to authorize the sale or other disposition of the property pledged, in such manner as may be agreed upon by the parties without the intervention of courts of justice; provided, that all existing pledges shall remain in force and be subject to the provisions of this act."
and LSA-C.C. art. 3166 provides:
"Until the debtor be divested from his property (if it is the case), he remains the proprietor of the pledge, which is in the hands of the creditor only as a deposit to secure his privilege on it."
In the case of Chappuis, supra, the Supreme Court held on page 700 of 119 So.:
"We merely hold that a pledgee, even though he is in possession of an irrevocable power of attorney, has no right of ownership conferred upon him, and has not the legal right to have the stock transferred to him unless and until the maturity of his debt for which the stock is given in pledge."
Plaintiff argues that Chappuis is distinguishable from the instant case in that plaintiff alleged in this case that the debts the pledge secured is matured and due and owing. The holding of the court, according to plaintiff, applies when the debt has not matured.
Plaintiff's contention is effectively answered in the case of D'Amico v. Canizaro, supra. The court in that case in denying plaintiff's demand of ownership of pledged stock stated on page 342 of 239 So.2d:
"Article 3165 of the Revised Civil Code provides for the procedure to be taken by the creditor when his debtor defaults. At the present time, we do not find that its provisions have been so extended as to permit a creditor to appropriate to himself the debtor's pledge. The jurisprudence and law review treatises indicate that such would be incompatible with the pledgee's fiduciary character. * * * The fact that a debt matures before an appropriation does not affect this finding. * * *" (emphasis ours)
But plaintiff asserts that LSA-R.S. 12:75(D) which provides:
"A person whose shares are pledged shall be entitled to vote thereon unless and until such shares have been transferred on the books of the corporation to the pledgee; and thereafter the pledgee shall be entitled to vote thereon." (emphasis ours)
permits stock to be transferred on the corporate books to the pledgee and to allow the stock in the name of the pledgee to vote that stock. He points out that the use of the underlined word "pledgee" in the statute is significant. It is appellant's contention that if a pledgee were not permitted to vote the pledged stock, the word "pledgee" would not have been used. Plaintiff submits that if the intent were not to allow the *745 pledgee to have the stock transferred to him and not to allow him to vote the stock, the words "one who acquires said shares through the foreclosure of the pledge or through concurrent acts of the pledgor and pledgee * * *" should be substituted for the word "pledgee".[1]
We find no merit to this contention. The language of LSA-R.S. 12:75(D) appears to be clear in that it states only that a person whose stock is pledged shall vote the stock until transferred on the corporate books. It has no other import or meaning. Were we to adopt the ingenious but unsound argument of the appellant, we would be, in effect, reading out of the Code LSA-C.C. arts. 3165 and 3166. The protection afforded to the pledgor by the codal articles is deeply imbedded in our law.
We further find no merit to appellant's argument that the Revised Statutes of 1950 in which LSA-R.S. 12:75(D) is incorporated supercedes the case law and the codal provisions. This argument presupposes a conflict between the language of the statute and the codal provisions and jurisprudence. We find none.
Finally, appellant raises the equitable argument that if he is forced to foreclose on the pledged stock, the corporation might have the right to buy the stock at book value which is much less than actual value. Therefore, appellant claims a part of the value of his security would be lost and he could not realize an amount from the sale of the stock sufficient to liquidate the full indebtedness. Babst Co., Inc., seeks, in effect, to have the court inject itself to bail one from what perhaps may be an unwise business venture. This is neither the right nor the responsibility of the court. The judgment maintaining exception of no cause of action is affirmed.
Affirmed.
NOTES
[1] According to plaintiff, LSA-R.S. 12:75 (D) would read:

"A person whose shares are pledged shall be entitled to vote them, until and unless the said shares have been transferred on the books of the corporation to one who acquires said shares through the foreclosure of the pledge, or through concurrent action of the pledgor and pledge."